ROBERT S. GIANELLI, #82116
JULLY C. PAE, #233565
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, California 90071
Tel: (213) 489-1600; Fax: (213) 489-1611

RONALD A. MARRON, #175650
LAW OFFICES OF RONALD A. MARRON
A Professional Law Corporation
651 Arroyo Drive
San Diego, CA 92103
Tel: (619) 696-9006; Fax: (619) 564-6665

Attorneys for Plaintiff
LISA BURTON, on behalf of herself and
all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BURTON, on behalf of herself and all others similarly situated,<br><br>                  Plaintiffs,<br><br>       v.<br><br>CALIFORNIA PHYSICIANS' SERVICE, dba BLUE SHIELD OF CALIFORNIA,<br><br>              Defendant. | CASE NO. 14-CV-1892<br><br>**COMPLAINT FOR RECOVERY OF ERISA PLAN BENEFITS; CLASS ACTION COMPLAINT FOR CLARIFICATION OF RIGHTS AND BREACH OF FIDUCIARY DUTY** |

///

///

///

///

1

Plaintiff Lisa Burton, on behalf of herself and all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1.     This is an individual and class action lawsuit arising out of defendant California Physicians' Service, dba Blue Shield of California's ("Blue Shield") practices in violating California's reconstructive surgery law, Health & Safety Code section 1367.63. That statute was passed because health plans were covering reconstructive surgery only when it would resolve a significant functional problem and were refusing to cover surgeries that would return disfigurements to a "normal appearance." The statute requires that health plans cover reconstructive surgery when a physical deformity will either resolve a functional problem or create a normal appearance. The statute also requires decisions regarding normal appearance to be made by a reconstructive surgeon. Blue Shield has engaged in a pattern and practice of denying requests for reconstructive surgery on the basis they are not "medically necessary"—they do not present significant functional problems—and has refused to consider whether the statute's alternative "normal appearance" test has been met. Blue Shield has also denied certain reconstructive surgery requests regardless of whether they meet either test and has failed to have the question of normal appearance decided by a reconstructive surgeon. These illegal practices have been followed by both Blue Shield and its contracted medical groups.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court over the subject matter of this action is predicated on 29 U.S.C. § 1132(e)(1) and (f) in that, at all times mentioned, Plaintiff's claim for accidental death benefits was covered under the terms of an employee benefit plan, within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). Jurisdiction is further predicated on 29 U.S.C. § 1331, federal question jurisdiction, in that this action arises under the laws of the United States.

3.     Venue is proper in this district under 29 U.S.C. § 1132(e)(2), because Plaintiff resides in Scotts Valley, California and Blue Shield resides in San Francisco, California.

## THE PARTIES

4.     At all relevant times, Plaintiff was covered under a group policy issued by Blue Cross.

5.     Blue Shield is a corporation licensed to do business in California.

///

*Complaint*

# SUBSTANTIVE ALLEGATIONS

**Blue Shield**

6.      Blue Shield is a "health care service plan" licensed by the Department of Managed Health Care and subject to the relevant provisions of the Health & Safety Code. Under this regime, a contract is called an evidence of coverage ("EOC"), the person purchasing the coverage (or eligible for it through employment) is called the "subscriber" or "member," and the entity providing the coverage is the "plan." Health & Safety Code section 1345.

7.      Blue Shield members are provided EOCs setting forth the terms and conditions of their coverage. Superimposed over Blue Shield's contractual duties under the EOCs are the obligations imposed on it through various provisions of the Health & Safety Code. Pertinent here are the duties imposed on Blue Shield under California's reconstructive surgery law, Health & Safety Code section 1367.63.

**California's Reconstructive Surgery Law**

8.      The Legislature enacted section 1367.63 in 1998. The statute provides in relevant part:

> a) Every health care service plan. . . shall cover reconstructive surgery, as defined in subdivision (c), that is necessary to achieve the purposes specified in subparagraph (A) or (B) of paragraph (1)
> of subdivision (c). Nothing in this section shall be construed to require a plan to provide coverage for cosmetic surgery, as defined in subdivision (d).
> . . .
> (c)(1) "Reconstructive surgery" means surgery performed to correct or repair abnormal structures of the body caused by congenital defects, developmental abnormalities, trauma, infection, tumors, or disease to do **either** of the following:
>   (A) To improve function.
>   **(B) To create a normal appearance, to the extent possible.**
> . . .
> d) "Cosmetic surgery" means surgery that is performed to alter or reshape normal structures of the body in order to improve appearance.
> (e) In interpreting the definition of reconstructive surgery, a health care service plan may utilize prior authorization and utilization review that may include, but need not be limited to, any of the following:
>   (1) Denial of the proposed surgery if there is another more appropriate surgical procedure that will be approved for the enrollee.
>   **(2) Denial of the proposed surgery or surgeries if the procedure or procedures, in accordance with the standard of care as practiced by physicians specializing in reconstructive surgery**, offer only a minimal improvement in the appearance of the enrollee.

(Emphasis added.)

3

9.      This law was necessary because health plans were refusing to cover surgeries to correct disfigurements unless they would resolve a functional problem and were ignoring the importance of restoring a normal appearance. "[M]any plans will cover reconstructive surgery only if it will improve a bodily function . . . AB 1621 requires plans to also cover surgeries necessary to restore someone to a normal appearance." (August 31, 1998 letter from the Legislature to Governor Wilson.)

10.      Blue Shield opposed an early draft of the bill, arguing that, "language in AB 1621, which allows the treating physician to determine the need for reconstructive surgery without obtaining authorization from the plan, might encourage some physicians to claim they are providing reconstructive surgery for procedures that are purely cosmetic in nature." (Blue Shield April 9, 1998 letter to California State Assembly.) Through compromise, a provision was added allowing health plans to deny authorization for reconstructive surgery under the normal appearance prong if a reconstructive surgeon determined that the surgery would only offer a minimal improvement in appearance. As the Legislature declared:

> [I]t is the intent of the Legislature that health care service plans and disability insurers shall not be required to cover a surgical procedure that will only result in a minimal improvement in the appearance of the patient. The determination of whether a surgery will produce only a minimal improvement shall be based upon the standard of care as practiced by physicians specializing in reconstructive surgery . . . .

11.      Because this statute mandates that health plans provide certain health care benefits, its provisions are read into all of Blue Shield's EOCs as a matter of law.

**Blue Shield's Systematic Violation of the Statute**

12.      Blue Shield has engaged in practices that violate section 1367.63 by denying requests for reconstructive surgery without consideration of the law's requirements. These illegal practices include:

a)   Denying requests for reconstructive surgery on the basis they are not "medically necessary"—meaning the patient does not exhibit significant functional problems. In doing so, Blue Shield has not considered whether the proposed surgery will "create a normal appearance, to the extent possible," as required under section 1367.63(c)(1)(B);

///

4

b)   Failing to have requests for reconstructive surgery reviewed by reconstructive surgeons, as required under section 1367.63(e)(2), and, if it does, Blue Shield does not provide the reviewing reconstructive surgeon with the appropriate standard for determining whether a surgery is "reconstructive" under the statute.

c)   Allowing medical groups to deny requests for reconstructive surgery on the basis they are not "medically necessary" and without consideration of whether the proposed surgery will "create a normal appearance" and without review by a reconstructive surgeon as required under section 1367.63. The Department of Managed Health Care performed a review of Blue Shield's reconstructive surgery claim practices and determined that the medical groups "consistently did not consider abnormal appearance when initially evaluating reconstructive surgery requests";

d)   Failing to review certain reconstructive surgery requests under either the normal appearance or the functional prong of section 1367.63(c)(1). Blue Shield deems certain forms of reconstructive surgery, such as brachioplasty and blepharoplasty, never covered regardless of whether the abnormal skin conditions are causing a functional problem or can be returned to a normal appearance.

**Plaintiff Lisa Burton**

13.    Plaintiff was covered under the terms of a group policy issued by Blue Shield to a private employer.

14.    Plaintiff experienced two separate disfigurements requiring reconstructive surgery. She made requests to her medical group and Blue Shield for reconstructive surgery and both requests were denied by her medical group and Blue Shield.

15.    In May of 2012, Plaintiff suffered from a medical condition that required reconstructive surgery, a mammoplasty, to return her to a normal appearance. She also suffered from functional problems due to the condition. Plaintiff requested the surgery through her medical group, Palo Alto Medical Foundation.

16.    On June 5, 2012, Palo Alto Medical Foundation denied her request "because there is a lack of medical necessity." The medical group did not consider, at all, whether the surgery would

5

return Plaintiff to a normal appearance and did not adequately consider the evidence of a functional problem. Additionally, the medical group's decision was not made by a reconstructive surgeon

17.     Plaintiff appealed this decision to Blue Shield. On August 9, 2012, Blue Shield denied the appeal saying that Plaintiff "did not meet the medically necessary criteria  established by Blue Shield of California Medical Policy Committee guidelines on "Reconstructive Services." Additionally, Blue Shield's decision was not made by a reconstructive surgeon or was made by a reconstructive surgeon who was not advised of the statutory criteria.

18.     In December of 2012, Plaintiff suffered from a medical condition that required reconstructive surgery, a blepharoplasty, to return her to a normal appearance. She also suffered from functional problems due to the condition. Plaintiff requested the surgery through her medical group, Palo Alto Medical Foundation.

19.     On December 11, 2012, Palo Alto Medical Foundation denied her request "because there is a lack of medical necessity." The medical group did not consider, at all, whether the surgery would return Plaintiff to a normal appearance and did not adequately consider the evidence of a functional problem. Additionally, the medical group's decision was not made by a reconstructive surgeon

20.     Plaintiff appealed this decision to Blue Shield. On April 9, 2013, Blue Shield denied the appeal saying that Plaintiff "did not meet the medically necessary criteria  established by Blue Shield of California Medical Policy Committee guidelines on "Blepharoplasty, Blepharoptosis Repair and Brow Lift." Additionally, Blue Shield's decision was not made by a reconstructive surgeon or was made by a reconstructive surgeon who was not advised of the statutory criteria.

## CLASS ALLEGATIONS

21.     Pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff seeks class certification of a class defined as:

> All subscribers of Blue Shield of California who had requests for reconstructive surgery for a covered member under a private employer health plan denied at any time within the applicable statue of limitations.

22.     The proposed classes meet the requirements of Rule 23 in that:

6

a.      The members of the class are so numerous that joinder of all members is impracticable;

b.      The members of the class are ascertainable;

c.      Common questions of law and fact exist as to all members of the class;

d.      Plaintiff's claims are typical of the claims of the members of the class and Plaintiff and the members of the class are similarly affected by Blue Shield's wrongful conduct;

e.      Plaintiff will fairly and adequately protect the interests of the members of the class and have retained counsel competent and experienced in class and insurance litigation;

f.      Inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for Blue Shield;

g.      Blue Shield has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

h.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since it will promote judicial economy and avoid inconsistent individual results.

**FIRST CLAIM FOR RELIEF**
**(On Behalf of Plaintiff and the Class for Benefits Due and Clarification**
**of Rights under an ERISA Plan [29 U.S.C. § 1132(a)(1)(B)])**

23.     Plaintiff hereby repeats and realleges paragraphs 1 through 22 and incorporates same as though fully set forth herein.

24.     29 U.S.C. § 1132(a)(1)(B) entitles Plaintiff to recover benefits due and to enforce and clarify her rights to the benefits at issue.

25.     As set forth above, Blue Shield's practices violate section 1367.63 because Blue Shield: a) disregards the normal appearance standard and does not have requests for reconstructive surgery considered by a reconstructive surgeon under the normal appearance prong; b) allows its medical group's to deny requests without considering the normal appearance standard and without review by a

7

reconstructive surgeon; and c) does not consider certain forms of reconstructive surgery to be covered under either the normal appearance or functional standards.

26.     Blue Shield improperly denied Plaintiff's requests for mammoplasty and blepharoplasty under the statute.

27.     There is now due and owing to Plaintiff benefits, interest, and attorneys' fees in an amount to be determined at the time of trial.

28.     On behalf of the class, Plaintiff seeks a clarification of rights relating to Blue Shield's reconstructive surgery practices relative to section 1367.63, as alleged above.

**SECOND CLAIM FOR RELIEF**
**(On Behalf of Plaintiff and the Class for Breach of Fiduciary Duty**
**under an ERISA Plan [29 U.S.C. § 1132(a)(3)])**

29.     Plaintiff and the Class hereby repeat and reallege paragraphs 1 through 28 and incorporate same as though fully set forth herein.

30.     Blue Shield acts as an ERISA fiduciary with respect to the administration and claims decisions of the group health policies it issues to employers, such as the policy at issue, within the meaning of 29 U.S.C. §§ 1109(a) and 1002(21)(A). With respect to these policies, Blue Shield exercises discretionary authority or control respecting management of the plans, exercises authority or control respecting management or disposition of the plans' assets, and/or has discretionary authority or discretionary responsibility in the administration of such plan. Blue Shield has the authority, and actually exercises the authority, to fund the plans, make decisions on claims for benefits and appeals thereof, and to write checks for benefits.

31.     Blue Shield has consistently violated section 1367.63 in adjudicating reconstructive surgery claims as alleged above.

32.     In acting and failing to act as described above, Blue Shield has breached its fiduciary duties.

33.     Pursuant to 29 U.S.C. § 1132(a)(3), the subclasses seek equitable and remedial relief as follows:

a.     An injunction compelling Blue Shield to: (1) conform its practices to the standard required by section 1367.63; (2) provide for the re-review of all denied claims under the

8

1   proper legal standard; and (3) provide notice of said determination in the form and manner required by

2   ERISA to all beneficiaries who have had requests for reconstructive surgery denied;.

3           b.      An accounting of any profits made by Blue Shield from the monies representing

4   the improperly denied claims and disgorgement of any profits;

5           c.      Such other equitable and remedial relief as the Court may deem appropriate; and

6           d.      Attorneys' fees in an amount to be proven at the time of trial.

7                                **PRAYER FOR RELIEF**

8           WHEREFORE, Plaintiff and the Class pray for judgment against Blue Shield as follows:

9   1.      Benefits denied Plaintiff in an amount to be proven at trial, including interest;

10  2.      A clarification of rights to future benefits under the plan for all class members;

11  3.      Injunctive relief, as described above;

12  4.      An accounting of any profits made and retained through the improper denial of claims

13  and disgorgement of any profits;

14  5.      Attorneys' fees; and

15  6.      Such other equitable and remedial relief as the Court may deem just and proper.

16  DATED: April 24, 2014              GIANELLI & MORRIS
                                       LAW OFFICES OF RONALD A. MARRON
17

18

19                                     By:   /s/ Robert S. Gianelli
                                             ROBERT S. GIANELLI
20                                           JULLY C. PAE
                                             Attorneys for Plaintiff
21

22

23

24

25

26

27

28

*Complaint*